Martin F. Casey
Patricia Maher
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiffs

JUDGE CASTEL



'09 CIV 9953

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

INNOVATION FUELS, INC. and ARGOS
INTERNATIONAL TRADING (AIT) B.V.,

        Plaintiffs,

    - against -

BARGE COLD SPRING HARBOR, her engines,
boilers, furniture, tackle, apparel, etc., *in rem*;
GREATER NY MARINE TRANSPORTATION,
LLC, and JOHN DOE 1 – 10, as owners, charterers,
managers and/or operators, etc., of the BARGE
COLD SPRING HARBOR, *in personam*,

        Defendants.
-----------------------------------------------------------X

2009 Civ.

**VERIFIED COMPLAINT**

    Plaintiffs, INNOVATION FUELS, INC. and ARGOS INTERNATIONAL TRADING

(AIT) B.V., by and through their attorneys, Casey & Barnett, LLC, as and for their Complaint,

alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    At all material times, INNOVATION FUELS, INC. (hereinafter "Innovation")

was and is a corporation organized and existing by virtue of the laws of a foreign state with an

office and place of business located at 126 Passaic Street, Newark, New Jersey 07104 and is the

owner, shipper, and/or assured of a consignment of Bio-Diesel fuel on board the BARGE COLD SPRING HARBOR, as more specifically described below.

3.      At all material times, ARGOS INTERNATIONAL TRADING (AIT) B.V. (hereinafter "Argos") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Hoefsmidstraat 40 3194, AA Rotterdam-Hoogvliet, The Netherlands and is the owner, consignee and/or assured of a consignment of Bio-Diesel fuel on board the BARGE COLD SPRING HARBOR, as more specifically described below.

4.      At all material times, upon information and belief, defendant, GREATER NY MARINE TRANSPORTATION, LLC (hereinafter "NY Marine"), was and is a business entity with an office and place of business located at 12 Dumbarton Drive, Huntington, New York 11743, who owns, operates, manages and/or charters ocean-going vessels, including the BARGE COLD SPRING HARBOR (hereinafter "barge"), that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the BARGE COLD SPRING HARBOR, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5.      At all material times, upon information and belief, defendant, JOHN DOE 1 – 10, as owners, charterers, managers and/or operators, etc., of the BARGE COLD SPRING HARBOR (hereinafter "JOHN DOE 1 – 10"), was and is a business entity who owns, operates, manages and/or charters ocean-going vessels, including the BARGE COLD SPRING HARBOR, that operate between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the BARGE COLD

2

SPRING HARBOR, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

6.    At all material times, the BARGE COLD SPRING HARBOR was and is a barge used in the commercial transportation of petroleum products and is now, or will be during the pendency of this action, within the jurisdiction of this Honorable Court.

7.    Plaintiffs bring this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

## RELEVANT FACTS

8.    On or about December 1, 2008, a consignment, consisting of 1,980.28 metric tons of Bio-Diesel fuel, then being in good order and condition, was delivered to the BARGE COLD SPRING HARBOR and the *in personam* defendants and/or their agents at the port of Newark, New Jersey.

9.    Thereafter, the cargo was loaded aboard the barge and the barge sailed to Stapleton, New York, where the consignment was transferred to the M/V SPRING VIRGO and commingled and consolidated with other bio-diesel fuel cargoes for transportation to Rotterdam, The Netherlands, in consideration of an agreed upon freight, pursuant to Tokyo Marine Co., Ltd. bill of lading number NYK/RDM-01 dated December 3, 2008.

10.    Upon discharge, it was discovered that the entire commingled consignment was not in the same good order and condition as when received by the defendants, but instead, had suffered damages as a result of water contamination, which, upon information and belief, occurred to the cargo that was laden on board the barge COLD SPRING HARBOR prior to the time when that cargo was transferred from the barge to the M/V SPRING VIRGO.

3

11.    As a result of the damages sustained to the entire consignment, plaintiffs have sustained a loss.

12.    The damage to the entire consignment was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants.

13.    By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $600,000.00.

**WHEREFORE**, Plaintiff prays:

1.    In rem service of process be issued against the BARGE COLD SPRING HARBOR, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2.    The BARGE COLD SPRING HARBOR her engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiff;

3.    The Court order, adjudge and decree that defendants BARGE COLD SPRING HARBOR, her engines, boilers, furniture, tackle, apparel, etc., *in rem*; GREATER NY MARINE TRANSPORTATION, LLC, and JOHN DOE 1 – 10, as owners, charterers, managers and/or operators, etc., of the BARGE COLD SPRING HARBOR, *in personam* be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and;

4.      That this Court grant to plaintiff such other and further relief as may be just and

proper.

Dated:  New York, New York
        December 3, 2009
        228-69

                                  CASEY & BARNETT, LLC
                                  Attorneys for Plaintiff

By: _____
                                  Patricia Maher
                                  Martin F. Casey
                                  65 West 36th Street, 9th Floor
                                  New York, New York 10018
                                  (212) 286-0225

## ATTORNEY'S VERIFICATION

State of New York    )
                     )        ss:
County of New York  )

1.     My name is Patricia Maher.

2.     I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3.     I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the plaintiffs.

4.     I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5.     The reason why this Verification is being made by the deponent and not by the plaintiffs is that the plaintiffs are a business organization with no officers or directors now within this District.

6.     The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the plaintiffs and agents and/or representatives of the plaintiffs.

Dated: New York, New York
       December 3, 2009
       228-69


                                        _____
                                        Patricia Maher